# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  4:15-CR-68 JAR NAB |
| | ) | |
| ARNULFO LIMON, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The above matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).  Defendant Arnulfo Limon is charged in a multi-defendant indictment with conspiracy to distribute and possess with intent to distribute 50 kilograms or more of marijuana in violation of 21 U.S.C. § 846. [Doc. #2.]  On June 30, 2015, Limon filed a Motion to Suppress Statements. [Doc. #137.]  Following an evidentiary hearing, the undersigned recommended that Limon's motion be granted. [Doc. #183.]  The Government filed objections and, in the alternative, requested a further hearing to supplement the record. [Doc. #195.]  The Honorable John A. Ross, United States District Judge, ordered the matter referred back to the undersigned for further pretrial proceedings. [Doc. #196.]

On October 20, 2015, the undersigned held a second evidentiary hearing.  Defendant was represented by Attorney Stephen R. Welby and the Government was represented by Assistant United States Attorney Stephen R. Casey.  Defense counsel objected to the presentation of additional witnesses and evidence by the Government.  Counsel primarily argued that the Government should not be allowed to relitigate the same issue when it knew of Defendant's arguments before the first hearing and there was no record made at that time that any witnesses

were unavailable or that the Government anticipated presenting further evidence.  Pursuant to instructions from Judge Ross to conduct further pretrial proceedings and *United States v. Hayden*, 759 F.3d 842 (8th Cir.) *cert. denied*, 135 S. Ct. 691 (2014), the undersigned overruled defense counsel's objections and allowed the Government to present two additional witnesses, Police Officer Jose Cerna and Deputy U.S. Marshal Ted Abegg, along with several exhibits.  The undersigned sustained defense counsel's objection with respect to supplemental testimony from DEA Special Agent Robert Eisenbarger.

Following the hearing, the parties submitted post-hearing briefs. [Doc. #224, Doc. #225.] The undersigned will make the following findings of fact and conclusions of law with regard to the Motion to Suppress Statements, based upon the parties' briefs and the additional evidence adduced at the hearing.  For the reasons set forth below, the undersigned recommends that Defendant's Motion to Suppress Statements be denied.

### FINDINGS OF FACT

The findings of fact set forth in the initial Report and Recommendation of the undersigned are incorporated by reference herein. [Doc. #183.]  Police Officer Jose Cerna is employed by the Collinsville, Illinois Police Department.  He previously worked with DEA Special Agent Robert Eisenbarger and IRS Special Agent Jason Bamvakais as part of their drug task force.  The undersigned finds his testimony credible.

Officer Cerna was born in Mexico and lived there until the age of eight.  Spanish is his primary language and the language that is spoken in his household.  Officer Cerna has no formal training in Spanish interpretation.  However, he has acted as an interpreter in police interviews with Spanish speaking targets, subjects, or witnesses hundreds of times over the course of his

career, including over the phone and as part of the investigation in this case. Officer Cerna testified that he spoke both Spanish and English fluently.

Officer Cerna confirmed that, after agreeing to be on standby as a Spanish interpreter, he was called on the morning of July 31, 2014, some time after 7:00 a.m., to interpret for Limon. According to Officer Cerna, he was called because it was apparent that Limon was not proficient in English and was having trouble understanding what was going on due to his limited English speaking ability. Officer Cerna was placed on speakerphone and informed that Agents Eisenbarger and Bamvakais would be speaking with Limon in regard to Omar Estrada-Zavala (a co-defendant in this case).

Throughout the interview, the agents spoke in English, Officer Cerna translated their words into Spanish, Limon responded in Spanish, and Officer Cerna then translated his responses into English. Officer Cerna and Limon had no problems understanding each other.

In Spanish, Officer Cerna introduced himself and Agents Eisenbarger and Bamvakais, identifying them as law enforcement. He advised Limon that he was not under arrest, was free to leave if he wanted to, and did not have to talk to the agents if he did not want to. He also informed Limon that the agents were there to discuss illegal activities by Estrada-Zavala. Limon responded by saying "okay" in English. Other than that, Limon responded in Spanish. Limon indicated that he understood what Officer Cerna had told him and was willing to talk to the agents. Officer Cerna testified that the conversation was short and that Limon appeared calm. At some point, Limon made an incriminating statement that he received packages for Estrada-Zavala.

Limon never indicated any concerns or that he wanted to stop the interview or leave the vehicle. At the end of the interview, Officer Cerna asked if Limon had any questions, to which

Limon said no. Officer Cerna did not discuss Limon's immigration status during the interview and does not recall it being brought up in any way. Officer Cerna did not read Limon his *Miranda* rights in any language.

In addition to Officer Cerna, the Government called Deputy U.S. Marshal Ted Abegg, who processed Limon when he taken into custody. Deputy Abegg described his general processing procedure, which includes several routine forms that he fills out with the prisoner. The forms he filled out with Limon were admitted into evidence. (Gov't Exs. 1-5.) Deputy Abegg had no recollection of his specific conversation with Limon. Deputy Abegg likely filled out most if not all of the information on the forms and may have only asked Limon to answer yes or no or to initial or sign. However, on Limon's prisoner custody release form, there is a notation that he self-reported claustrophobia. (Gov't Ex. 5.) Deputy Abegg testified that he typically requests an interpreter or one is provided if a prisoner cannot communicate in English or requests an interpreter. He did not receive or request a Spanish interpreter in processing Limon.

## CONCLUSIONS OF LAW

The Government argues that the additional evidence adduced at the second hearing establishes that Limon was not in custody because he understood enough English to voluntarily accompany Agents Eisenbarger and Bamvakais to their vehicle and was told in both English and Spanish that he was free to leave and was not under arrest. Limon counters that nothing in the Government's additional evidence changes the initial conclusion by the undersigned that Limon was in custody when he was ordered to the vehicle and questioned. The undersigned agrees with Limon that the Government's additional evidence tends to confirm rather than refute the fact that his limited English proficiency was apparent. Officer Cerna testified as much. Nevertheless, the

undersigned finds that Limon was not in custody once Officer Cerna restarted the interview in Spanish and advised him in a language that he understood why the agents were there and that he was free to leave and not under arrest.

In the initial Report and Recommendation, the undersigned noted that "[b]ut for Limon's language difficulties, there would be no question that he was not in custody." [Doc. 183 p. 4.] Relying heavily on Limon's apparent limited English proficiency, the undersigned found that "Limon was well in the midst of a custodial interrogation by the time Officer Cerna was called." (*Id.* at 18.) Because Officer Cerna did not testify at the first hearing and almost no evidence was presented as to the content of his communication with Limon, the undersigned did not reach the issue of whether his alleged admonitions cured the *Miranda* violation. (*Id.* at 19). The undersigned recommended that Limon's motion to suppress be granted.

Following further pretrial proceedings, the undersigned is compelled by the testimony of Officer Cerna to conclude that Limon was not in custody and therefore *Miranda* warnings were not required. The undersigned need not consider the testimony of Deputy Abegg. While Officer Cerna does not have formal training in Spanish interpretation, he speaks fluent Spanish and has acted as an interpreter on numerous occasions. Officer Cerna informed Limon who the agents were, why they were there, and what they wanted to discuss. Most importantly, Officer Cerna advised Limon that he was not under arrest, was free to leave, and did not have to talk, and Limon indicated that he understood and was willing to talk. *See United States v. Williams*, 760 F.3d 811, 815 (8th Cir. 2014) ("Advice that a suspect is not under arrest, and that his participation in questioning is voluntary, is highly probative of whether a reasonable person would feel that he may terminate the interview and leave."); *United States v. Perrin*, 659 F.3d 718, 721 (8th Cir. 2011) ("We have long regarded these admonitions as weighty in the custody

analysis … [a]nd we have never held that a person was in custody after receiving them."); *United States v. Ollie*, 442 F.3d 1135, 1138 (8th Cir. 2006) ("[A]n explicit assertion that the person may end the encounter … generally removes any custodial trappings from the questioning."); *United States v. Brave Heart*, 397 F.3d 1035, 1039 (8th Cir. 2005) ("As we noted in *Czichray,* no governing precedent of the Supreme Court or this court has yet held that a person was in custody after being 'clearly advised of his freedom to leave or terminate questioning.'").  Without any indicia of restraint or coercion beyond the initial difficulties communicating and the fact that the interview took place in a DEA vehicle with two agents, the undersigned finds that, under the totality of the circumstances, Limon was not in custody and his statements were voluntary. Therefore, the undersigned recommends that Limon's Motion to Suppress Statements be denied.

  **ACCORDINGLY,**

  **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Suppress Statements [Doc. #137] should be **DENIED.**

  The parties are advised that they have fourteen (14) days in which to filed written objections to this report and recommendation pursuant to 28 U.S.C. § 636(b)(1).  Failure to timely file objections may result in a waiver of the right to appeal questions of fact.

  **IT IS HEREBY ORDERED** that the trial of this matter is set for **Monday, January 4, 2016 at 9:00 a.m.** before the Honorable John A. Ross, United States District Judge.

  Dated this 2nd day of December, 2015.


     _/s/ Nannette A. Baker_____
     NANNETTE A. BAKER
     UNITED STATES MAGISTRATE JUDGE